[854 NYS2d 706]

In the Matter of MICHAEL D. JASPAN (Admitted as MICHAEL DAVID JASPAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 3, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Sarah Diane McShea* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Michael D. Jaspan was admitted to the practice of law in the State of New York by the First Judicial Department on June 16, 1980 and, at all times relevant to this matter, has maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys, effective immediately. An attorney who is the subject of an investigation or pending disciplinary proceeding may resign from the practice of law by submitting an affidavit of resignation to the Committee stating his intention to resign (22 NYCRR 603.11 [a]).

Respondent's affidavit of resignation, sworn to on January 18, 2008, complies with the requirements of section 603.11 in that he avers that his resignation is freely given and voluntarily tendered, without coercion or duress, and that he is fully aware of the implications of submitting his resignation. Respondent further acknowledges that he is under investigation by the Committee based upon a referral from the New York State Attorney General's office into allegations that as executive director of the Fischel Foundation, a not-for-profit charitable organization, respondent intentionally misappropriated funds belonging to the Foundation for his personal use. Respondent allegedly deposited checks payable to the Foundation into his attorney trust account, and then transferred those funds into his personal account. Respondent admits that prior to the referral by the Attorney General's office, he settled any and all claims against him. Finally, respondent acknowledges that if charges were brought against him predicated upon the misconduct under investigation, he could not successfully defend himself against such charges.

Accordingly, the motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law, effective January 18, 2008.

Tom, J.P., Andrias, Saxe, Nardelli and Sweeny, JJ., concur.

Respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 18, 2008.